UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT LEMUS MORALES,<br><br>                      Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; NURSE LINDSAY; DR. MCGAUGH; OFFRS JOHN NAD JANE DOE or R&D,<br><br>                      Defendants. | 22-CV-7021 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Federal Correction Institution ("FCI") Fairton, in Fairton, New Jersey, brings this *pro se* action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-8, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). His claims under the FTCA concern an alleged assault on September 28, 2020, at FCI Florence, in Florence, Colorado, where unidentified "John Doe" correction officers allegedly failed to protect him from other prisoners who assaulted him. His *Bivens* claims concern the alleged failure to protect him and the medical treatment he alleges he did not receive after the assault. He names as Defendants: (1) the United States, as to the FTCA claims; (2) the "John Doe" FCI Florence correction officers, as to the *Bivens* claims asserting failure to protect him from assault; and (3) "Nurse Lindsay" and Dr. McGaugh, as to the *Bivens* claims asserting denial of medical care at FCI Florence.

      For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Colorado.

## DISCUSSION

A.   **Venue under the FTCA**

Venue for Plaintiff's FTCA claims does not appear to be proper in this District. The proper venue for an FTCA claim is "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "For all venue purposes . . . a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled[.]" 28 U.S.C.A. § 1391(c)(1).

When a plaintiff is incarcerated, for venue purposes, there is a presumption that he retains his pre-incarceration domicile rather than establishing a new domicile based on the location of his current incarceration. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (citing *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL 21787351 at *2 (S.D.N.Y. 2003) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead the prisoner retains his pre-incarceration domicile for diversity purposes.").

Here, although Plaintiff does not state where he resided before his incarceration, the Court finds that he likely did not reside in this judicial district. According to records maintained by the Public Access to Court Electronic Records system, on September 19, 2019, a grand jury in the District of Nevada returned an indictment charging Plaintiff with committing criminal conduct in 2018, within the State of Nevada. *See United States v. Lemus-Morales*, No. 18-CR-0294 (D. Nev. Aug. 26, 2019) (ECF Doc. 1).

The Court also finds that Plaintiff likely chose to file in this court because, at the time he filed the action, he was incarcerated at FCI Otisville, located in Orange County, which is within

this judicial district.[1] His incarceration here, however, does not demonstrate that he *resides* here for venue purposes. Thus, the Court finds that this court is not a proper venue to consider Plaintiff's FTCA claims, but rather, that the United States District Court for the District of Colorado is a proper venue, because the acts and omissions complained of occurred within the District of Colorado.

**B.      Venue under *Bivens*[2]**

This court is also not a proper venue for Plaintiff's *Bivens* claims, which are brought against individuals who were employed at FCI Florence. To determine the proper venue for a *Bivens* claims, courts apply the general venue statute. *See* 28 U.S.C. § 1391(b). Under that statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* As noted above in the section discussing the FTCA claims, for venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff alleges that FCI Florence correctional staff violated his rights under *Bivens* at FCI Florence, in Florence, Colorado. He does not plead the residence of any of the FCI Florence Defendants, only asserting that the alleged events giving rise to his claims occurred at that facility. Because the FCI Florence Defendants work at that facility, from the face of the

---

[1] According to the Federal Bureau of Prisons ("BOP") public records, the BOP has since transferred Plaintiff to FCI Fairton. See http://www.bop.gov/inmateloc/.

[2] The Court offers no opinion as to any effect the recent Supreme Court decision, *Egbert v. Boule*, 142 S. Ct. 1793 (2022), may have on Plaintiff's claims brought under *Bivens*.

complaint, it is clear that, under Section 1391(b)(1) or (2), this court is not a proper venue for Plaintiff's claims under *Bivens*.

C.          **Transfer to the District of Colorado in the Interest of Justice**

Under 28 U.S.C. § 1406, if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in FCI Florence, in Florence, Colorado, which is in the District of Colorado. *See* 28 U.S.C. § 85. Accordingly, venue lies in the District of Colorado for Plaintiff's FTCA claims, *see* 28 U.S.C. § 1402(b), and for his *Bivens* claims, *see* 28 U.S.C. § 1391(b)(2). The Court finds that it would be in the interest of justice to transfer this action to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Colorado. A summons shall not issue from this Court. This order closes this action in this court.[3]

---

[3] The Court granted Plaintiff's request to proceed *in forma pauperis*. (ECF 4.)

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 19, 2022
          New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge